This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellant,

v.                                                                        **NO. 32,765**

**SISTO MONTOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** The State appeals from the district court's order suppressing Defendant's statements based on a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Our notice proposed to affirm and the State filed a memorandum in opposition. We remain unpersuaded by the State's arguments and therefore affirm.

**{2}** The State's issues relate to its central contention that the district court erred in suppressing Defendant's statements because the police continued questioning him after he invoked his right to counsel. [DS 3; RP 129, 142, 163] "On appeal, we review the [district] court's findings of fact for substantial evidence and review de novo the ultimate determination of whether a defendant validly waived his or her *Miranda* rights prior to police questioning." *State v. Barrera*, 2001-NMSC-014, ¶ 23, 130 N.M. 227, 22 P.3d 1177.

**{3}** We agree that officers need not halt the questioning of a suspect who makes an equivocal request for counsel. [DS 3] *See State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 16, 127 N.M. 540, 984 P.2d 787. Here, however, we agree with the district court that Defendant's request for an attorney was unequivocal, lacked ambiguity, and was further made under circumstances that a reasonable officer would have understood Defendant to be confirming his expressed desire for an attorney. As set forth in our

notice, after the Detective told Defendant that polygraphs were typically given to people who denied any touching, Defendant countered, "But I didn't touch them." [RP 164] And when the Detective next asked Defendant if he would be willing to submit to a polygraph, Defendant responded, "Well, now, now I would ask for a lawyer." [RP 164] The Detective then again referenced the polygraph exam and questioned Defendant if he would ask for an attorney. [RP 164] Defendant, in turn, confirmed "yeah," denied having touched the girls, and stated, "I don't know what's going to happen here if they're trying to twist it around or what." [RP 164] In light of Defendant's two unequivocal statements indicating his desire for an attorney, followed by his denials of wrongdoing and his expressed concern that things would be "twist[ed] around," [RP 164] we conclude that a reasonable officer would have understood Defendant to request, and then further confirm why he desired, an attorney. *See Barrera*, 2001-NMSC-014, ¶ 28 ("Resolution of whether a valid waiver of counsel has occurred depends upon the totality of the circumstances and the particular facts surrounding each case, including consideration of the mental and physical condition, background, experience and conduct of the accused." (internal quotation marks and citation omitted)).

{4} We thus do not agree that Defendant's request for an attorney was somehow contingent upon or limited in scope to advisement by an attorney on the subject of a

polygraph. [MIO 8-9] We recognize that Defendant made his requests for an attorney shortly after the Detective referenced a polygraph exam. [MIO 2, 9] However, in the overall circumstances of the exchange, Defendant unequivocally requested an attorney and did so in the context of his declaration that "I didn't touch them" [RP 164] and his expressed concern that "I don't know what's going to happen here if they're trying to twist it around or what." [RP 164] Under such circumstances, Defendant's request for an attorney is clear.

{5}     We further disagree with the State's argument that Defendant reinstated the conversation after requesting an attorney. [MIO 9-10] In this regard, the State views Defendant as having interrupted the Detective when the Detective attempted to ask "clarifying" questions as to whether Defendant wanted an attorney. [MIO 1, 2-3] In our view, however, clarification was not needed because Defendant had unequivocally and unambiguously stated, "Well, now, now I would ask for a lawyer."  [RP 164] Moreover, as noted above, we do not view Defendant's subsequent declaration that "I haven't touched these girls" [RP 164; MIO 3] and "I don't know what's going to happen here if they're trying to twist it around or what" [RP 164] as reinstating the conversation. Instead, we agree with the district court that Defendant's statements simply confirmed and explained the reason for his expressed desire for an attorney. [RP 166]

3

**{6}** We lastly address the State's argument that Defendant, later in the conversation when the Detective returned to whether Defendant wanted an attorney, appeared to change his mind about wanting an attorney. [MIO 11; RP 164] Any equivocation on Defendant's part, however, was immaterial because, at this point, Defendant had already invoked his right to an attorney and had not reinitiated the conversation. Any further questioning should have already ceased until Defendant was provided an attorney. *See State v. Bailey*, 2008-NMCA-084, ¶ 9, 144 N.M. 279, 186 P.3d 908 (providing that once an accused invokes his or her right to counsel, he or she cannot be subject to any further interrogation until counsel has been made available unless the accused initiates further communication).

**{7}** For the reasons set forth in our calendar and above, we affirm the district court's suppression ruling [RP 163] based on the violation of Defendant's *Miranda* rights.

**{8}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**